T.C. Summary Opinion 2012-93

UNITED STATES TAX COURT

ANTONIO PUERTA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12930-11S.                    Filed September 18, 2012.

Antonio Puerta, pro se.

<u>Sherri Spradley Wilder</u> and Jordana Furman (student), for respondent.

SUMMARY OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the petition

was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Respondent determined a deficiency of $2,443 in petitioner's Federal income tax for 2008.  The issues for decision are:  (1) whether petitioner is entitled to dependency exemption deductions for his minor children; (2) whether petitioner qualifies for head of household filing status; (3) whether petitioner is entitled to child tax credits for his minor children; and (4) whether petitioner is entitled to the earned income credit.

## Background

Some of the facts have been stipulated and are so found.  We incorporate by reference the parties' stipulation of facts and accompanying exhibits.  Petitioner resided in California at the time the petition was filed.

Petitioner is the father of twins N.P. and M.P.,[2] who were born in 2000.  Petitioner and the children's mother (Ms. Goon) were legally divorced before the children were born.  The divorce decree was not made part of the record.  In 2004 the Superior Court of California, Orange County, entered an order relating to

---

[1]All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[2]The Court refers to minor children by their initials.  See Rule 27(a)(3).

custody. Petitioner and Ms. Goon were awarded joint legal custody of their children, and Ms. Goon was awarded physical custody.

Before 2008 petitioner and Ms. Goon lived together in a residence in Orange County that she owned. At some time before the year in issue, Ms. Goon purchased a residence in San Jose, California, and moved with N.P. and M.P. to San Jose. N.P. and M.P. attended school in San Jose.

Petitioner was trained as and previously worked as an engineer. In 2007 petitioner was laid off from his engineering position, and he remained unemployed throughout 2008. As a result of petitioner's unemployment status and in order to facilitate visitation with the children, he and Ms. Goon entered into a written agreement in April 2007. The written agreement was later modified by an oral agreement. The agreement, as modified, provided that petitioner would pay Ms. Goon $1,600 per month to live in a portion of the Orange County residence. Petitioner was entitled to use a room in the San Jose residence in order to facilitate visits with his children until he was able to find a job. Additionally, petitioner was permitted to use the room only when he was with the children.

Petitioner maintained a calendar in which he recorded the days he lived with his children. Petitioner received health insurance for himself and his children from a

State program known as CalOptima. All documents relating to this health insurance included petitioner's address in Orange County.

Petitioner timely filed a 2008 Form 1040, U.S. Individual Income Tax Return, reporting income of $2,840 earned from wages and $17,550 of unemployment compensation. Petitioner claimed dependency exemption deductions for N.P. and M.P. and claimed a child tax credit, an earned income credit, and head of household filing status. Petitioner's return was selected for examination. The Internal Revenue Service (IRS) determined that petitioner was not entitled to dependency exemption deductions for N.P. and M.P., head of household filing status, the child tax credit, or the earned income credit. Petitioner contends that in 2008 he lived more than 50% of the time with his children. He thus argues that he is entitled to dependency exemption deductions for the children.

## Discussion

Respondent's determination as to petitioner's tax liability is presumed correct, and petitioner bears the burden of proving otherwise. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and taxpayers must comply with the specific requirements for any deduction claimed. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992);

New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). A taxpayer must maintain adequate records to substantiate the amount of credits and deductions claimed. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

Petitioner contends that he is entitled to: (1) a dependency exemption deduction for each of his two minor children; (2) head of household filing status; (3) the child tax credit; and (4) an earned income credit.

I.      Dependency Exemption Deductions

Petitioner initially asserts that respondent is estopped from arguing that he is not the custodial parent of N.P. and M.P. Petitioner asserts that for his children to qualify for no-cost medical benefits from the State of California, he must be considered a custodial parent. Petitioner concludes that since he was considered a custodial parent for purposes of eligibility for health insurance for his children, that he is the custodial parent for Federal tax purposes.

The legal requirements for claiming eligibility for a dependency exemption deduction are set forth in the Internal Revenue Code. Secs. 151 and 152. Federal tax consequences are not governed by how a State might treat a taxpayer under identical or similar circumstances for purposes of State law benefits. See Commissioner v. Tower, 327 U.S. 280, 287 (1946). Additionally, a State cannot by its decisions and laws governing questions over which it has the final say, also

decide issues of Federal tax law and thus hamper the effective enforcement of a valid Federal tax levied against earned income.  Id.; see also Neal v. Commissioner, T.C. Memo. 1999-97.  Therefore, petitioner's argument that the State of California has already decided the issue of whether he is the custodial parent must fail.

Section 151(c) allows a taxpayer to deduct an annual "exemption amount for each individual who is a dependent (as defined in section 152) of the taxpayer for the taxable year."  As pertinent herein, section 152(a) defines the term "dependent" as a "qualifying child" or a "qualifying relative".  See sec. 152(a)(1) and (2).  The child of a taxpayer is a "qualifying child" if the tests set forth in section 152(c)(1)(A)-(E) are satisfied.  Respondent asserts that petitioner has not established that the children had the same principal place of abode as petitioner for more than one-half of the taxable year.  See sec. 152(c)(1)(B).

It is undisputed that N.P. and M.P. lived in San Jose throughout 2008. Petitioner asserts that he maintained the portion of the San Jose residence that he used for visitation and that the portion of the San Jose residence constituted both his and the children's principal place of abode in 2008.  Petitioner claims he maintained the room, cleaned it, and provided basic necessities for his children in that room. Petitioner did not provide any documentary evidence as to any money he paid Ms.

Goon during 2008. Additionally, petitioner has not provided any bills or other evidence of expenses that he incurred relating to the support of the children or his residency in San Jose.

Petitioner received mail at a post office box near his residence in Orange County. The health insurance for petitioner's children was based on his residence in Orange County. Petitioner has not provided any evidence that he has made payments towards rent, property taxes, or food consumed in San Jose. Additionally, petitioner did not substantiate any payment for the upkeep and repairs of any portion of the San Jose residence. Petitioner has not established that his principal place of abode was in San Jose during 2008. We are further satisfied that San Jose was the principal place of abode for the children in 2008. Section 152(c)(1)(B) provides that the qualifying child must have the same principal place of abode as the taxpayer. As a result, the children are not qualifying children of petitioner for tax year 2008.

Petitioner may qualify for dependency exemption deductions for the children if he can show that his children were qualifying relatives pursuant to section 152(a)(2). Section 152(d)(1)(A)-(D) provides four tests for a child to be considered a qualifying relative of the taxpayer. Respondent asserts that petitioner has not established that he provided more than one-half of the children's support as required

by section 152(d)(1)(C). In order for petitioner to establish that he provided more than one-half of his children's support during 2008, he must establish the total amount of the children's support from all sources for the year. See Archer v. Commissioner, 73 T.C. 963, 967 (1980); Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971); Philemond v. Commissioner, T.C. Memo. 2012-29; sec. 1.152-1(a)(2)(i), Income Tax Regs.

"The term 'support' includes food, shelter, clothing, medical and dental care, education, and the like." Sec. 1.152-1(a)(2)(i), Income Tax Regs. The total amount of support for each claimed dependent provided by all sources during the year must be shown by competent evidence. Blanco v. Commissioner, 56 T.C. at 514. If the amount of total support for the year cannot be reasonably inferred from competent evidence, then it is not possible to conclude that the taxpayer furnished more than one-half of the total amount of support. Id. at 514-515; Stafford v. Commissioner, 46 T.C. 515, 518 (1966).

Petitioner did not present any evidence to show the total amount expended for support, nor did he substantiate the amount he paid for the children's support during 2008. As indicated, petitioner did not provide any documentary evidence showing the payments he made to Ms. Goon or any receipts to substantiate food or other expenses he incurred on behalf of the children. Petitioner has not established that he

provided more than one-half the support of the children for 2008. As a result, N.P. and M.P. do not meet the requirements for petitioner's qualifying relatives for tax year 2008.

There are special rules with regard to divorced parents in section 152(e). Notwithstanding the provisions of section 152(c)(1)(B) or (4) or (d)(1)(C), section 152(e) provides that a child may be treated as a qualified child or qualified relative of the noncustodial parent if the custodial parent releases claim to the exemption for the year. Sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984); see Miller v. Commissioner, 114 T.C. 184, 188-189 (2000). The declaration required under section 152(e)(2) must be made either on a completed Form 8332, Release/Revocation of Release of Claim to Exemption for Child by Custodial Parent, or on a statement conforming to the Form 8332. Miller v. Commissioner, 114 T.C. at 189. Petitioner, as the noncustodial parent, is not entitled to the claimed dependency exemption deductions unless he complied with the provisions of section 152(e)(2) and the regulations thereunder by attaching to his return a written declaration or a Form 8332 executed by Ms. Goon. Petitioner did not attach such a declaration or Form 8332 to his return and, accordingly petitioner is not entitled to dependency exemption deductions for N.P. and M.P. for tax year 2008.

## II.     Head of Household Filing Status

Section 1(b) provides a special tax rate for an individual who qualifies as a head of household.  As relevant herein, an unmarried individual "shall be considered a head of household if, and only if" that individual "maintains as his home a household which constitutes for more than one-half of such taxable year the principal place of abode" of "a qualifying child of the individual (as defined in section 152(c) * * *)", or "any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151."  Sec. 2(b)(1)(A)(i) and (ii).

Section 1.2-2(d), Income Tax Regs., provides that an individual shall be considered as maintaining a household only if he pays more than one-half the cost of maintaining such household.  The cost of maintaining a household consists of those expenses incurred for the mutual benefit of the occupants thereof by reason of its operation as the principal place of abode of such occupants.  Id.  The expenses of maintaining a household include property taxes, mortgage interest, rent, utility charges, upkeep and repairs, property insurance, and food consumed on the premises.  Id.  However, petitioner did not provide any documents to support his testimony that he maintained a household in San Jose.  Additionally, as N.P. and

M.P. are neither his qualifying children nor his dependents, petitioner is not entitled to head of household filing status for tax year 2008.

III.    Child Tax Credit

Subject to limitations based on adjusted gross income, section 24(a) provides a credit with respect to each qualifying child of the taxpayer.  Section 24(c)(1) defines the term "qualifying child" as a "qualifying child of the taxpayer (as defined in section 152(c)) who has not attained age 17."  As previously discussed, N.P. and M.P. are not petitioner's qualifying children as defined in section 152(c).  Thus, petitioner is not entitled to the section 24(a) child tax credit with respect to N.P. and M.P. for tax year 2008.

IV.    Earned Income Credit

Section 32(a)(1) provides that "[i]n the case of an eligible individual, there shall be allowed as a credit against the tax imposed by this subtitle for the taxable year an amount equal to the credit percentage of so much of the taxpayer's earned income for the taxable year as does not exceed the earned income amount."  The amount of the credit to which an eligible individual is entitled increases if the individual has a qualifying child as defined by section 152(c).

With respect to the earned income credit, petitioner's earned income for tax year 2008 was $2,840, not $20,390 as reported.  The $17,550 of unemployment

compensation that petitioner received does not qualify as earned income.  See Jones v. Commissioner, T.C. Memo. 1993-358; sec. 1.32-2(c)(2), Income Tax Regs.  As discussed, N.P. and M.P. are not petitioner's qualifying children.  Therefore, the amount of petitioner's earned income credit with no qualifying children is based upon his earned income of $2,840.

To reflect the foregoing,

Decision will be entered

under Rule 155.